UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES,** : | |
| : | **3:18-CR-35** |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **HARVEY SHANER,** : | |
| **Defendant** : | |

# MEMORANDUM

## I. BACKGROUND[1]

On December 12, 2017, the government filed a Criminal Complaint against the defendant Harvey Shaner, alleging that on or about December 22, 2017, he violated 18 U.S.C. §751 by escaping from a federal prison. (Doc. 1).

On February 6, 2018, a federal grand jury returned an indictment charging the defendant with one count of Escape from Custody of Institution, namely, Federal Prison Camp, FCI Schuylkill, in Minersville, Pennsylvania, in violation of 18 U.S.C. 751(a). (Doc. 7). At the time of his alleged escape, the defendant was serving a prison sentence imposed by the U.S. District

---

[1] This case was originally assigned to the late Honorable A. Richard Caputo and was recently reassigned to the undersigned.

1

Court for the Eastern District of Pennsylvania. The defendant was arraigned on the indictment on February 7, 2018, he pled not guilty, and he was ordered detained. (Doc. 16).

On February 12, 2018, the court issued a scheduling order directing that pre-trial motions be filed by March 7, 2018, and setting the trial to commence on April 16, 2018. (Doc. 18). Subsequently, the defendant, through his counsel, the Federal Public Defender's Office, (FPD) filed 8 motions for extensions of time to file pre-trial motions, which were granted by the court. (Docs. 20, 22, 24, 26, 28, 30, 32, & 34). Ultimately, the court granted an extension until November 9, 2018, for the defendant to file pre-trial motions.

However, on November 9, 2018, the FPD moved to withdraw as defendant's counsel, and the court granted the motion on November 16, 2018. The court directed that a member of the CJA panel be appointed to represent the defendant. (Docs. 36 & 37). It should also be noted that in all the Orders granting the defendant's motions to extend the pre-trial motion deadline, it was indicated that the time was excluded pursuant to Speedy Trial Act.

On December 13, 2018, the court appointed CJA counsel to represent the defendant. (Doc. 38). The court issued a new scheduling order on May 21, 2019, directing that the trial begin on July 1, 2019. (Doc. 39).

The defendant filed a motion to continue the July 1, 2019 trial and, to reinstate and extend the time within which to file pre-trial motions. The

defendant indicated in his motion that the time was excluded pursuant to the Speedy Trial Act. The court granted the motion and extended the deadline for defendant to file pre-trial motions to August 5, 2019. (Doc. 41).

On April 30, 2020, the government filed a motion to schedule trial, and the court issued a scheduling order setting a motion *in limine* deadline for May 18, 2020, setting the final pre-trial conference for May 26, 2020, and setting a trial date of June 15, 2020. (Docs. 42 & 43).

On May 14, 2020, the defendant filed a motion for an extension of time to file pre-trial motions and to continue the trial, and the court granted the motion on May 18, 2020, and extended the motion deadline to July 10, 2020. (Docs. 44 & 45). The court also continued the final pre-trial conference to July 21, 2020, and the trial to August 10, 2020. This extended time, like all of the other extensions, was excluded under the Speedy Trial Act.[2]

On July 8, 2020, defendant filed, through his counsel, a motion to dismiss the indictment pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. §3161. (Doc. 54). The defendant contends that no exclusion of time applies between the dates of November 10, 2018 and June 27, 2019, for a total of 229 days. He also contends that no exclusion of time applies between the

---

[2]The court notes that all of the above mentioned extensions of time which the court granted at the defendant's request to file pre-trial motions were upon a finding "that the ends of justice served by granting this extension and continuance outweigh the interests of the public and the defendant to a speedy trial." Also, it is clear that the time afforded by the court for filing pre-trial motions is excludable.18 U.S.C. §3161(h)(1).

dates of August 5, 2019 and May 14, 2020, for a total of 283 days. Based on his calculations, the defendant argues that in total, a time period of 512 days are not excludable under the STA, and that his rights under the Act have been violated.

On July 15, 2020, the court issued an Order continuing the July 21, 2020 final pre-trial conference and the August 10, 2020 trial until the court decided the defendant's motion to dismiss. (Doc. 57).

On August 31, 2020, CJA counsel filed a motion to withdraw as defendant's counsel, (Doc. 60), stating that after he filed the motion to dismiss for the defendant, "it became apparent that [he] could not ethically pursue the merits of the [motion] as he made certain testimonials to the government that may have directly led to the government not pursuing bringing the Defendant to trial." Counsel further stated that "[t]hese representations were not made in any way to delay the proceedings, however … may have led to the [Speedy Trial] violation averred in the July 8, 2020 motion." As such, counsel stated that "[he] does not feel that he can ethically pursue the [requested relief in the motion to dismiss the indictment]."

On September 2, 2020, the court granted counsel's motion to withdraw and directed that a new CJA panel attorney be appointed forthwith. (Doc. 62). On the same day, a third CJA counsel was appointed as the defendant's new counsel. (Doc. 63).

On September 28, 2020, attorney Harris filed a brief in support of the defendant's motion to dismiss. (Doc. 64). On October 7, 2020, the

4

government filed its brief in opposition to the motion. (Doc. 65). No reply brief was filed by the defendant and the time within which it was due has expired.

## II.    DISCUSSION

Since the complete factual background of defendant Shaner's criminal cases are detailed in the government's brief and are not contested, they are not fully repeated herein. (Doc. 65 at 4-6). Suffice to say that defendant was serving a 51-month prison sentence that was imposed by the District Court for the Eastern District of Pennsylvania on July 20, 2017, after he pled guilty to 13 counts of wire fraud, bank fraud, access device fraud, aggravated identity theft, and false declaration in bankruptcy. *See* Crim. No. 5:16-cr-411, E.D. Pa. Shaner was confined in FCI Schuylkill on October 26, 2017, to commence serving his sentence. He allegedly escaped from this prison on December 22, 2017, resulting in the instant charge being filed against him.

Additionally, since the defendant failed to surrender to the BOP for service of his sentence as directed by the E.D. Pa. District Court in Crim. No. 5:16-cr-411, a federal grand jury in the E.D. Pa. returned a 3-count indictment on February 15, 2018, charging him with failure to surrender for service of sentence, in violation of 18 U.S.C. §3146(a)(2), escape, in violation of 18 U.S.C. §751(a), and convicted felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). *See* Crim. No. 5:18-cr-56, E.D. Pa.

Following the defendant's indictment in his 2018 Eastern District criminal case, Crim. No. 5:18-cr-56, E.D. Pa., the government, (Doc. 65 at 7), indicates that:

> On or about March 14, 2018, a writ was issued by the United States Magistrate Judge in Allentown, Pennsylvania directing the transfer of the defendant [from the M.D. Pa.] by the U.S. Marshals to appear before the court for an initial appearance and arraignment set for March 22, 2018 on the EDPA indictment filed to 5:18-cr-56. (EDPA Doc. 6). The defendant appeared on March 22, 2018 in the EDPA and was detained [until March 5, 2020] pending the disposition of the federal charges filed in that district. (EDPA Doc. 8 [& Doc. 112]).

As discussed below, in light of the numerous extensions of time the defendant received in the instant case and the fact that the defendant remained in federal custody in the E.D. Pa. on his 2018 criminal case in that district, starting on March 22, 2018 and continuing until March 5, 2020 when his judgment of sentence was filed, and in light of the continuances of all criminal trials in this district caused by the COVID-19 pandemic, the court will deny his motion to dismiss based on the STA.

The STA, 18 U.S.C. §3161(c)(1), provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs.

The time periods that are excludable from the speedy trial calculation are contained in §3161(h), which provides in pertinent part:

6

> h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
>> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>>
>>> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>>>
>>> (B) delay resulting from trial with respect to other charges against the defendant;
>>>
>>> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. §3161(h)(1)(A), (B) and (D).

The time given for the filing of pre-trial motions is also excludable under 18 U.S.C. §3161(h)(1). *See* United States v. Erby, 419 Fed. Appx. 176, 179 (3d Cir. 2011) ("the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. § 3161(h)(1), regardless of whether the time is granted *sua sponte* or pursuant to the defendant's request.") (citation omitted). Further, time is excludable under §3161(h)(7)(A) if the court grants a motion filed by either party and finds "that the ends of justice served by granting this extension and continuance outweigh the interests of the public and the defendant to a speedy trial." *Id.*

7

If the 70-day deadline is not met, the STA provides that the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. §3162(a)(2). No doubt that "the defendant has the burden of proof supporting a motion claiming a Speedy Trial Act violation." United States v. Green, --- F.Supp.3d ---, 2020 WL 3883564, *5 (M.D. Pa. July 9, 2020) (citing 18 U.S.C. §3162(a)(2). Indeed, "[]the Speedy Trial Act admits no ambiguity in its requirement that when such a violation has been demonstrated, the information or indictment shall be dismissed on motion of the defendant." United States v. Curet, 2020 WL 6290509, *3 (M.D. Pa. Oct. 27, 2020) (internal quotations and citations omitted).

Additionally, §3162(a)(2), provides that if the STA is violated,

> [i]n determining whether to dismiss the case with or without prejudice [to the government's right to re-charge the defendant], the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

In his brief, (Doc. 64 at 1-2), the defendant argues that his rights under the STA have been violated based on his following calculation of non-excludable time which has lapsed in his case:

> on November 9, 2018, the pre-trial deadline was not extended (Doc. 37), and no exclusion of time applies between the dates of November 10, 2018 and June 27, 2019 (229 days). There was also no extension of time between August 5, 2019 and May 14, 2020 (283 days). As of the date of the Motion to Dismiss pursuant to 18 U.S.C.A. §3161, 512 days were not excludable under 18 U.S.C. §3161. An additional 82

8

days have passed since the filing of the Motion, for a total of 594 non-excludable days.

Thus, the defendant contends that since 594 days are not excludable under §3161(h), the court should dismiss the indictment with prejudice based on the factors contained in §3162(a)(2).

The government paints a different picture regarding the time periods which the defendant alleges are not excludable and exceeded his speedy trial rights. The government contends that, based on the above detailed procedural history of this case, (*see also* government's chart, Doc. 65 at 8), "as of December 13, 2018, there were, arguably, five (5) non-excludable days with respect to the defendant's [present] case", namely, February 8, 2018 (the day after defendant's arraignment) to February 12, 2018 (the date the court issued a scheduling order regarding pre-trial motions and the trial). (Doc. 18).

The government also points out that after the defendant was charged in the E.D. Pa., in case 5:18-cr-56, he was detained in that district and first appeared on the charges on March 22, 2018. The government indicates, and the docket in Crim No. 5:18-cr-56 reveals, that "from the time the defendant first appeared in [the E.D. Pa.] on March 22, 2018, he constantly and continuously litigated the charges filed pursuant to the indictment 5:18-cr-56", and that "[t]he constant litigation lasting approximately two years involved a litany of defense continuances, including multiple discharging of attorneys, multiple pro se motions, a mental health evaluation, as well as a

9

physical health evaluation." Further, none of the detailed delays in the defendant's E.D. Pa. case were attributable to the government. (*See* government's undisputed case summary chart, Doc. 65 at 10). *See also* Pacer https://ecf.paed.uscourts.gov/cgi-bin/DktRpt.pl?370686683296886-L_1_0-1. Since the government's chart accurately summarizes the relevant proceedings in the defendant's 2018 E.D. Pa. case, they are not repeated herein. The court also takes judicial notice of the defendant's E.D. Pa. criminal docket.

The court finds that all of the time from March 22, 2018 through March 5, 2020, when the defendant's judgment of sentence was filed in Crim No. 5:18-cr-56, E.D. Pa., constitutes excludable time in the instant case under §3161(h)(1)(A) & (B) (delay resulting from other proceedings concerning the defendant) since the defendant was detained in that district and his proceedings in his E.D. Pa. case were ongoing. *See* U.S. v. Funches, 2014 WL 2772991 (D. Ks. June 19, 2014) (court followed the majority view and found that the speedy trial clock was tolled from the time of the defendant's arrest on state charges until the state proceedings were concluded, and that the "exclusion applies to the entire other prosecution", which occurred in the other jurisdiction. Thus, the court found that "the speedy trial clock is tolled from [the date] when [defendant] was arrested on the [state] charges—until the [state] proceedings have concluded."). Accordingly, the court finds that defendant Shaner's speedy trial clock was tolled continuously during the time

period when he was detained in his other federal case, Crim No. 5:18-cr-56, E.D. Pa., until these proceedings were concluded.

The government concedes that the 70-day speedy trial period appears to have been slightly exceeded in this case after the defendant was returned to this district, (Doc. 65 at 14-15), and explains as follows:

> For purposes of the speedy trial calculations, it appears that from March 3, 2020 (the day the defendant was sentenced in the EDPA) to May 14, 2020, the date the defendant requested additional time to file pretrial motions, (Doc. 45), with a trial date set for May 18, 2020, (Doc. 43), it would appear that there were 71 days of non-excludable time with respect to the defendant's case in the MDPA. Counting the five (5) non-excludable days prior to the defendant's transfer to the EDPA, there appears to be 76 non-excludable days. Allowing for the seventy days pursuant to 18 U.S.C. §3161(c)(1), there appears to be six (6) non-excludable days for speedy trial purposes.

Although there appears to be six non-excludable days, as discussed below, this time is excludable due to the COVID-19 pandemic and the Standing Orders issued in this district in response to it. Also, the time following April 30, 2020 is excludable, as specified above, including the filing of the instant motion by the defendant on July 8, 2020, to the present time while the motion was briefed and was pending with the court. (*See also* the government's chart, Doc. 65 at 14).

As the government contends, due to the COVD-19 pandemic, the time beginning March 16, 2020 through August 17, 2020 is excluded under the STA. Indeed, this Court issued a General Order on March 13, 2020, and several subsequent Standing Orders in light of the pandemic which prevent

11

any criminal trials from being held and holding that that these time-periods were "excluded time" under the STA, 18 U.S.C. §3161(h)(7)(A), since the Court found that the ends of justice served by taking such action materially outweighed the best interests of the public and the parties in a speedy trial. Since the Orders are correctly summarized in the government's brief, (Doc. 65 at 16-19), and since the defendant did not respond to the government's brief, this summary is not repeated. The Standing Orders are also found on this court's website. *See* https://www.pamd.uscourts.gov/?q=court-info/local-rules-and-orders/general-orders. *See also* United States v. Curet, 2020 WL 6290509, *1-2 (M.D. Pa. Oct. 27, 2020) (Court summarized the M.D. Pa. Standing Orders issued due to COVID-19 pandemic and the court excluded all of the time in which the Standing Orders continued all criminal trials for Speedy Trial Act purposes). The court also takes judicial notice of these Orders.

Additionally, the Standing Orders provided that while the trials were generally continued, counsel for either party could file a notice with the court stating why they believed a case was exempt from continuance in light of the public health emergency. However, the defendant did not file any notice in this case claiming that his case should be exempt.

Finally, on August 6, 2020, this Court issued Standing Order 2020-22 and directed that jury trials scheduled in the district could resume on August 17, 2020, under COVID-19 guidelines, one at a time in each vicinage and prioritizing criminal jury trials. In fact, the court had already set the

12

defendant's case for trial on August 10, 2020, but had to continue the trial on July 15, 2020, after the defendant filed his instant motion, (Doc. 57).

Thus, the government, (Doc. 65 at 19), contends that:

> In light of the National Health Crisis involving the COVID-19 pandemic, as well as the actions taken by the federal courts, including the MDPA, it appears that out of the approximately 76 days considered non-excludable beginning March 4, 2020, there were actually only seventeen (17) non-excludable days for purposes of speedy trial calculations. This would include the 5 non-excludable days prior to transfer of the defendant to the EDPA, as well as the days beginning March 4, 2020 and ending March 16, 2020.

Also, as the government notes, (Id. at n. 4), after the defendant was sentenced in the E.D. Pa. on March 3, 2020, in case 5:18-cr-56, his 1-day reasonable travel time from the E.D. Pa. to the M.D. Pa. is excludable. *See* 18 U.S.C. §3161(h)(1)(E) (excluding "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure").

Based on the above analysis and consideration of the defendant's pending 2018 E.D. Pa. case, 5:18-cr-56, as well as the continuances required due to the COVID-19 pandemic in the present case, the court finds that only 17 days are non-excludable in this case for purposes of the STA. Thus, the court finds that the defendant's speedy trial rights have not been violated and his motion to dismiss the indictment will be denied.[3]

---

[3] Given the facts of this case, even had the court found that a Speedy Trial Act violation occurred, considering the factors specified in 18 U.S.C.

13

Case 3:18-cr-00035-MEM   Document 66   Filed 11/13/20   Page 14 of 14

## III. CONCLUSION

Based on the foregoing, defendant Shaner's motion to dismiss the indictment for violation of his rights under the STA, pursuant to 18 U.S.C. §3162(a)(2), **(Doc. 54)**, is **DENIED**. An appropriate order will follow.

                                       s/ *Malachy E. Mannion*
                                  **MALACHY E. MANNION**
                                  **United States District Judge**

**Dated: November 13, 2020**
18-35-01

---

§3162(a)(2), the indictment would have been dismissed without prejudice to the government's right to re-charge the defendant.

<pre>14</pre>